IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LONNIE COLLINS, #868676 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv503 |
| DAVID LANGSTON, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Lonnie Collins, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on November 2, 2009. On May 11, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Supervisor Ginger Lively, Assistant Warden Dwayne Dewberry, Dental Coordinator Cynthia Allen and Nurse Tara Patton testified under oath about prison policies and information contained in the Plaintiff's prison records.

1

In January 2008, the Plaintiff was sick with flu like symptoms or food poisoning, and he lost the upper plate of his dentures in the toilet while regurgitating. He was unable to retrieve the upper plate, and it was lost. He went to see Dr. Langston, a prison dentist, in attempt to obtain a replacement, but he was told that the upper plate would not be replaced because it was not medically necessary. The Plaintiff testified that he is unable to chew his food. He also has stomach problems, and the loss of his teeth has made his stomach problems worse. He is unable to digest food that has not been properly chewed. Also, eating without an upper plate has made his gums sore. The Plaintiff testified that his weight has not changed too much because he is able to purchase tuna from the commissary, but he is tired of eating tuna all of the time. He stressed that he needs to have the upper plate replaced.

Dental Coordinator Cynthia Allen testified under oath that dentures are not provided unless there is a medical necessity. Furthermore, an inmate's Body Mass Index ("BMI") must drop below 21 in order to be considered for dentures. She testified that Dr. Langston determined that the Plaintiff did not have a medical necessity warranting dentures. She added that the Plaintiff was offered a blended diet, but there is no indication in the record that a blended diet had been ordered.

The Plaintiff testified that he did not recall being offered a blended diet. He further testified that he had not been provided a soft food pass or slow eating pass. He stated that he would possibly consider a blended diet if that was necessary before he could receive replacement dentures. Ms. Allen testified that he would have to be on a blended diet for three months before he would be considered for a replacement. His situation would be evaluated at the end of that period of time to determine whether dentures were warranted. She indicated that she would take the appropriate steps to get him evaluated for a blended diet and the possibility of receiving a new upper plate.

The Plaintiff submitted a copy of his grievance records with the original complaint. A second copy of the grievance records were provided by the prison system for purposes of the *Spears* hearing. The Plaintiff testified that the Court could review his records. The response to his Step 2 grievance reveals that the following response was provided:

> A review of the grievance and documentation was completed regarding the allegation of being denied replacement dentures. The review of the Electronic Medical Record does not show any encounter with the Dental staff in regards to the issue of your dentures. There are no Sick Call Requests received requesting dental care since 11/25/2008 when you requested flossers. . . . According to the Correctional Managed Health Care Dental Services Policy E-36.4, "Dental prosthetics are provided when the health of the patient would otherwise be adversely affected." A part of the criteria per this policy is that your Body Mass Index (BMI) will be recorded as a tracking method for nutritional trends. If the Dentist determines there is a medical necessity, you will be referred to the facility medical provider for further evaluation. If the medical provider determines a medical necessity for dentures, your case will be submitted to the Dental Utilization Quality Review Board for review and final determination. If you feel you need further evaluation of this process you may submit a Sick Call Request to your Facility Dental Department. Appeal is denied.

The response is dated April 8, 2009.

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994). This Court has been involved in a number of cases where members of the prison dental department were allegedly deliberately

indifferent for denying inmates dentures. *See, e.g., Hyatt v. Sewell*, 197 Fed. Appx. 370 (5th Cir. 2006); *Williams v. Mason*, 210 Fed. Appx. 389 (5th Cir. 2006); *Vasquez v. Dretke*, 226 Fed. Appx. 338 (5th Cir. 2007); *Scribner v. Linthicum*, 232 Fed. Appx. 395 (5th Cir. 2007). In order to be permitted to proceed on his claims, the Plaintiff must show that the people sued were personally aware that he had an excessive risk of harm because he no longer had an upper plate and that they disregarded that risk.

In the present case, the facts as alleged and developed do not support an inference that the Defendants knew of and disregarded an excessive risk to the Plaintiff's health or safety. The facts of the case reveal that Dr. Langston was aware that the Plaintiff lost his upper plate, but it was his professional opinion that the Plaintiff did not have a medical necessity warranting a replacement. There is no indication that the remaining defendants, Dr. Owen Murray or Warden John Rupert, had any knowledge about the Plaintiff's situation. The facts as alleged and developed further reveal that the Plaintiff did not fully developed a claim. The grievance records reveal that he did not develop the need for dentures with the dental staff. He did pursue the offer to initially try a blended diet in order to determine how that would affect his health, particularly with respect to his BMI. If he complies with dental policy for obtaining dentures and a substantial risk of harm to his health exits at that time and dental personnel disregard such substantial risk of harm, then he may have a basis for a deliberate indifference claim. At this juncture, however, the facts as alleged and developed do not support an inference of deliberate indifference on the part of any of the named Defendants. The facts as alleged and developed fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the civil rights complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **May, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE